UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Metro Produce Distributors, Inc., a
Minnesota Corporation,   Civil No. 05-2368 (PAM/JSM)

Plaintiff,

v.   **MEMORANDUM AND ORDER**

City of Minneapolis, a Minnesota municipal
entity; Anne Stahn, in her individual and
official capacity as an employee of the
City of Minneapolis; and Julie Casey, in her
individual and official capacity as an employee
of the City of Minneapolis,

Defendants.

---

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order. All parties were present at the hearing and therefore the Court will consider the Motion as one for a preliminary injunction pursuant to Fed. R. Civ. P. 65. For the reasons that follow and for the reasons stated at the hearing, the Motion is granted.

**BACKGROUND**

**A.    Plaintiff's Business**

Plaintiff Metro Produce Distributors is a Minnesota corporation that receives and distributes produce. It is located off East 28th Street in Minneapolis. Plaintiff receives produce from interstate distributors and provides both an interstate regional delivery service and local delivery service to area grocery stores and restaurants. Between receiving and distributing, Plaintiff handles approximately 128 truckloads of produce per week. This averages out to approximately eighteen truckloads per day.

Plaintiff unloads shipments at its center once every eighty minutes. It receives produce twenty-four hours a day. In turn, it distributes produce during three delivery routes: morning delivery leaves the distribution center between 2:00 a.m. and 6:00 a.m. and returns between 6:00 a.m. and 11:00 a.m.; afternoon delivery leaves the distribution center between noon and 3:00 p.m. and returns between 3:00 p.m. and 7:00 p.m.; and evening delivery leaves the distribution center between 5:00 p.m. and 8:00 p.m. and returns between 9:00 p.m. and 1:00 a.m. Plaintiff claims that it adheres to these schedules to most effectively meet consumer demand, reduce fossil fuel emissions, and ease traffic.

**B.     City Ordinances**

Defendants are the City of Minneapolis ("City") and Anne Stahn and Julie Casey, two City of Minneapolis employees. The City of Minneapolis has enacted noise ordinances. At issue in this case is Minneapolis Code of Ordinances § 389.100. Specifically, this ordinance prohibits:

> (2) Loading, unloading, opening, closing or other handling of boxes, crates, bottles, containers . . . outside of an insulated building in a residentially used areas between the hours of 10:00 p.m. and 6:00 a.m.
> . . .
> (7) Idling of buses, trucks, tractors, truck-tractor, trailers and semitrailers . . . while stopped, standing, or parked in a residentially used area between the hours of 10:00 p.m. and 6:00 a.m.

Minneapolis, MN., Code of Ordinances § 389.100.

The record reveals that Plaintiff has been cited six times on three occasions since August 2005 for violating this ordinance. On August 9, 2005, City Environmental Inspector Anne Stahn observed two trucks at Plaintiff's business at 10:30 p.m. She reported that one

truck idled for fifteen minutes, and the other truck sat idled for 25 minutes. Plaintiff was charged $200 for violating § 389.100(7). Plaintiff was also charged $200 for violating § 389.100(2).

On August 10, 2005, Stahn again cited Plaintiff for violating the ordinance. She reported that one truck pulled into Plaintiff's business at 5:30 a.m. Plaintiff was charged $400 for this violation of § 389.100(2). She also reported that four trucks idled for thirty minutes at 5:30 a.m., and again Plaintiff was charged $400 for violating § 389.100(7).

On September 26, 2005, Stahn cited Plaintiff a third time for violating this ordinance. She reported that two trucks arrived at Plaintiff's business at 11:00 p.m., and that one of the trucks idled for twenty minutes. Plaintiff received an $800 fine for violating § 389.100(2), and an $800 fine for violating § 389.100(7).

Each of these citations detailed the procedure for Plaintiff to follow to contest the citations. However, Plaintiff claims that when it contacted the City, it was referred to Stahn, who then referred it to Defendant Julie Casey, an environmental representative with the City. Plaintiff claims that Defendants explained that if Plaintiff challenged the citations at an administrative hearing, then Plaintiff would be charged for every police complaint call made about Plaintiff. Defendants allegedly told Plaintiff that they would charge Plaintiff approximately $250 per call, and that there were about one hundred calls. Plaintiff also claims that the City threatened Plaintiff with the prospect of jail.

**C.     Plaintiff's Claims**

Plaintiff alleges that the ordinance is: (1) preempted by the Clean Air Act;

3

(2) unconstitutionally vague; and (3) unconstitutional because it violates the Commerce Clause. The Complaint also alleges that the City, by enforcing and threatening to enforce this Ordinance, deprived Plaintiff of its federal rights under § 1983. Plaintiff seeks declaratory and injunctive relief. In this Motion, Plaintiff seeks to enjoin enforcement of the ordinance while Plaintiff challenges the legality of the ordinance.

**DISCUSSION**

**A.     Standard of Review**

A preliminary injunction may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the restraining order. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993).

**B.     Likelihood of Success on the Merits**

Plaintiff claims that the ordinance is unconstitutional because: (1) it is preempted by the Clean Air Act; (2) it violates the Commerce Clause; and (3) the ordinance is vague. Plaintiff also complaints that Defendants' enforcement of the ordinance violates 42 U.S.C. § 1983. Plaintiff need only demonstrate a likelihood of success with respect to one of these claims.

As the Court explained at the hearing, the Court finds at this preliminary juncture that

the ordinance fails as vague. "A noncriminal statute is not unconstitutionally vague . . . where its terms are such that the ordinary person exercising common sense can sufficient understand and fulfill its prescriptions." Horn v. Burns & Roe, 536 F.2d 251, 254 (8th Cir. 1976). On this record, the Court cannot say that the term "idle" itself is vague. However, Plaintiff challenges the lack of quantitative parameters that define the duration or length of prohibited idling or the amount of time between when the vehicle stops and when idling becomes prohibited. It complains that without such specifics, it is unclear what conduct actually is prohibited under the statute. Moreover, based on this ordinance's vagueness, it is possible that the City may arbitrarily enforce this ordinance without justification.[1] Accordingly, the Court finds that this factor weighs in favor of the injunction.

## C.     Irreparable Harm

Plaintiff claims that it will suffer irreparable harm absent court interference. Plaintiff complains that it will suffer loss of and harm to its goodwill absent the injunction. It also argues that because of the ordinance's vagueness, it cannot adequately modify its operations to comply with its mandate. Indeed, if Plaintiff fails to modify its operations in accord with the City's interpretation of the statute, then Plaintiff will perpetually violate the ordinance and be subject to significant and apparently increasing monetary penalties. Even if Plaintiff modifies its operations, however, at this preliminary stage it is unclear from the plain language of the ordinance what operations are lawful. Moreover, the viability of Plaintiff's business

---

[1] In addition, the Court is concerned with the possible effects that this ordinance may have on interstate commerce.

requires it to operate twenty-four hours a day, and frustrating these operations would force Plaintiff out of business. In light of all of these factors, the Court finds that Plaintiff has demonstrated irreparable harm and therefore this factor weighs in favor of the injunction.

**D.     Balance of Harms**

Plaintiff has operated its business in its current location for nearly five years. It further complies with local zoning ordinances. Within the last three months, Plaintiff has received six citations on three different occasions for violation of this ordinance. Absent the injunction, Plaintiff will continuously be subjected to future citations. Although the City has an interest in managing noise levels in residential-use neighborhoods, the Court finds that Plaintiff will be subjected to greater harm if the injunction is not granted. Accordingly, this factor weighs in favor of the injunction.

**E.     Public Interest**

Although the public interest is served by the enforcement of environmental and noise regulations, it is imperative that such regulations are constitutionally valid. Plaintiff directly challenges the constitutionality of this ordinance. Moreover, the Court finds that permitting free enterprise to function with minimal government interference clearly invokes the public interest, and that this function may be frustrated absent an injunction. Thus, the Court finds that this factor weighs in favor of the injunction.

**CONCLUSION**

The Court finds that the Dataphase factors weigh in favor of granting injunctive relief. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that:

1. Plaintiff's Motion for Temporary Restraining Order (Clerk Doc. No. 2) is **GRANTED**;

2. Defendants and any agents or officers of the City of Minneapolis are **ENJOINED** from taking any action to enforce or attempt to enforce Minneapolis Code of Ordinances § 389.100(2) and § 389.100(7); and

3. Pursuant to Fed. R. Civ. P. 65, within ten days from the date of this Order, Plaintiff shall post a bond in the amount of $1,000 to secure this Preliminary Injunction. In lieu of a bond, Plaintiff may post cash or its equivalent with the Clerk of Court.

Dated: _October 14, 2005

s/ Paul A. Magnuson  
Paul A. Magnuson  
United States District Court Judge